UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:17-CV-00118-JHM

GREG COLTER                                                                  PLAINTIFF

V.

BOWLING GREEN-WARREN COUNTY
REGIONAL AIRPORT BOARD, et al.,                             DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Defendants' motions to dismiss [DNs 21−24]. Fully briefed, this matter is ripe for decision. For the following reasons, the motions of Defendants Warren County and Robert Barnett are **GRANTED** and the motions of Defendants City of Bowling Green and Bowling Green-Warren County Regional Airport Board are **GRANTED IN PART** and **DENIED IN PART.**

### I. Background

Plaintiff Greg Coulter brings this action following the termination of his employment at the Bowling Green-Warren County Regional Airport (the "Airport"). Plaintiff was an Airport employee for nine years. (Compl. [DN 12] ¶ 4.) On November 5, 2016, Plaintiff informed his supervisor, Defendant Robert Barnett, that he would be receiving two total knee replacements. (Id. ¶ 5). At that time, Barnett informed Plaintiff that the Airport would be unable to accommodate his requested medical leave and that, after thirty days of leave had elapsed, Plaintiff would be considered to have voluntarily terminated his position. (Id. ¶ 6).

On August 1, 2017, Plaintiff filed this action in Warren County Circuit Court against the Airport, Barnett, the City of Bowling Green (the "City") and Warren County (the "County"). Although the Complaint only alleges wrongdoing by Barnett and the Airport, Plaintiff contends

the City and County are also liable because the Airport, City, and County constitute a single employer. (Id. ¶ 15). Defendants jointly removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Joint Notice of Removal [DN 1].) In his Complaint, Plaintiff alleges that he was wrongfully terminated and claims that the Airport's refusal to grant his medical leave was part of a "pattern and practice of unlawful age and disability discrimination." (Compl. ¶ 8.) The Complaint includes five claims: Family and Medical Leave Act interference, disability discrimination, age discrimination, tortious interference with a contract, and hostile work environment. Defendants now each bring a motion to dismiss all counts, arguing that the Plaintiff has failed to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

The Defendants' motions present arguments based on both Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or

if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## III. DISCUSSION

### A. Family and Medical Leave Act (Count I)

The Family and Medical Leave Act (FMLA) protects eligible employees from losing their jobs when on medical leave. 29 U.S.C. § 2601, *et seq.* FMLA's provisions protect employees of both public agencies and private employers. However, there is a threshold for employees to receive protections under FMLA. The term "eligible employee" does not include "any employee of any employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." § 2611(2)(B). This threshold applies to both private employers and public agencies. 29 C.F.R. § 825.108(d) (stating that in order to be an eligible employee under FMLA, employees of public agencies "must meet all requirements of eligibility, including the requirement that the employer (e.g., State) employ 50 employees at the worksite or within 75 miles.").

At all relevant times, the Airport employed less than fifty workers. (Bohannon Decl. [DN 21-2] ¶ 6). Despite this fact, Plaintiff alleges that he "worked at a location where the employer has at least fifty (50) employees within 75 miles." (Compl. ¶ 14.) Plaintiff offers this calculation under the contention that "Defendant Bowling Green-Warren County Regional Airport, Defendant City of Bowling Green, and Defendant Warren County are integrated employers for purposes of determining that Plaintiff was an 'eligible employee' pursuant to the Family Medical Leave Act." (Id. ¶ 16.) Yet, the integrated employer doctrine is inapplicable when determining FMLA eligibility of employees in a public agency. Rather, the integrated employer doctrine helps courts to determine when "a *corporation* is a single employer rather than its separate establishments or divisions." 29 C.F.R. § 825.104(c) (emphasis added). When the employer in

question is a public agency, as it is in this case, federal regulations provide a different test to determine whether agencies may be deemed a single employer for purposes of FMLA eligibility.

> A State or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. Whether two agencies of the same State or local government constitute the same public agency can only be determined on a case-by-case basis. One factor that would support a conclusion that two agencies are separate is whether they are treated separately for statistical purposes in the Census of Governments issued by the Bureau of the Census, U.S. Department of Commerce.

§ 825.108(c). When using this test, the Sixth Circuit has instructed that "a court should examine state law before referring to the Census." Rollins v. Wilson Cnty. Gov't, 154 F.3d 626, 629 (6th Cir. 1998).[1] Therefore, "[a] court should decide the status of the governmental entities based on state law if state law definitively resolves the issue." Id. See also McDaniel v. City of Owensboro, No. 4:04-CV-184, 2006 WL 3087136, at *2 (W.D. Ky. Oct. 26, 2006).

The Airport was created pursuant to Kentucky Revised Statute § 183.132 which authorizes certain governments to establish a nonpartisan air board. It further directs, "The board shall be a body politic and corporate with the usual corporate attributes, and in its corporate name may sue and be sued." Ky. Rev. Stat. § 182.132(3). This language suggests that airport boards are intended to be separate entities from the counties and cities in which they sit. Louisville's airport board was created pursuant to this statute and it was determined to be an "independent, political subdivision of the Commonwealth of Kentucky." Hashemian v.

---

[1] Plaintiff argues that Rollins is indistinguishable from this case. In Rollins, the plaintiff sought to deem two entities as a single employer in order to meet the eligibility requirement of FMLA under 29 U.S.C. § 2611(2)(A)(i) (stating that to be eligible for FMLA, employees must have been employed "for at least 12 months by the employer"). In the present case, Plaintiff hopes to deem separate entities to be a single employer to meet the eligibility requirement of § 2611(2)(B)(ii) (stating that "eligible employee does not include any employee . . . who is employed at a worksite at which such employer employs less than 50 employees"). Regardless, the Court finds this distinction immaterial as the test for determining whether separate entities are a single employer remains the same.

Louisville Reg'l Airport Auth., No. 3:09-CV-951, 2010 WL 3001972, at *8 (W. D. Ky. July 28, 2010).

Nonetheless, Plaintiff argues that "genuine issues of material fact remain as to whether or not the Defendant Airport Board conducts itself in compliance with KRS. 183.132." (Resp. to Mot. to Dismiss [DN 26] at 7.) Further, Plaintiff contends that he might have the opportunity to bring these facts to light with the chance to conduct discovery. (Id. at 2.) "A party seeking additional discovery before the court considers the opposing party's motion for summary judgment bears the burden of demonstrating why such discovery is necessary." King v. Harwood, 852 F.3d 568, 579 (6th Cir. 2017). This burden may be satisfied upon showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d). In this case, Plaintiff has filed such an affidavit, claiming that he believes further discovery would give rise to facts related to the City and County's oversight of the Airport. (Pl.'s Aff [DN 26-1] ¶ 4.) For this reason, the Court finds summary judgment premature and denies Defendants' Rule 56 motion. Furthermore, the Court finds the FMLA claim to be sufficiently pled and thus, to the extent Defendant's motion to dismiss is based on Rule 12(b)(6), it is likewise denied.

### B. Disability Discrimination (Count II)

Plaintiff also alleges that he was subjected to discrimination based on his disability status in violation of the Kentucky Civil Rights Act (KCRA). Ky. Rev. Stat. § 344.010, *et seq.* For claims of disability discrimination under the KCRA, an employer can only be held liable if they employ fifteen or more employees for more than twenty calendar weeks. § 344.030(2). Defendants contend that at no time did the Airport employ more than fifteen employees. (Airport Mot. to Dismiss [DN 21-1] at 17.) Plaintiff, again, attempts to calculate the number of employees

working at the Airport by claiming that the Airport, City, and County are "integrated employers." (Compl. ¶ 31.) He also notes that there are ten members of the Airport board which, if considered employees, would raise the total number of employees at the Airport over the threshold of fifteen to make his KCRA disability discrimination claim viable even without utilizing the single employer theory.

Kentucky case law has indicated that separate entities may be deemed a single employer to meet the minimum number of employees required give an employee protections under the KCRA. Palmer v. Int'l Ass'n of Machinists, 882 S.W.2d 117, 119 (Ky. 1994). Because the anti-discrimination provisions of the KCRA are modeled after Title VII of the Federal Civil Rights Act, Kentucky courts use the same four-factor test used in federal courts to determine whether separate entities are integrated employers: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. Id.

Again, the Court finds summary judgment premature due to Plaintiff's assertion that he lacks the facts necessary to justify his opposition. In his Affidavit, Plaintiff states that if given the opportunity to conduct discovery, he could prove additional facts that may influence the Court's decision both regarding the integrated employer doctrine and whether Airport board members should be considered employees. (Pl.'s Aff. ¶¶ 5−6.) For this reason, summary judgment on Count II is denied at this time. Furthermore, to the extent Defendant's motion to dismiss is based on Rule 12(b)(6), it is likewise denied.

### C. Age Discrimination (Count III)

Plaintiff further brings a claim of age discrimination pursuant to the KCRA. (Compl. ¶ 56.) Unlike Plaintiff's disability discrimination claim, his age discrimination claim faces no

question of employer eligibility. This is because the threshold for holding employers liable under the KCRA for age discrimination is only eight employees. Ky. Rev. Stat. § 344.030(2).

Rather, Defendants argue that Plaintiff's age discrimination claim should be dismissed because he has not sufficiently pled a claim for which relief can be granted. (Airport Mot. to Dismiss at 21.) Age discrimination claims brought under the KCRA are "analyzed in the same manner" as claims under the federal version of the statute, the Age Discrimination in Employment Act (ADEA). Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008). Using this federal analysis, a plaintiff bringing an age discrimination claim has the initial burden of proving "that age was a determining factor in the adverse employment action that the employer took against him." Id. (citing Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir. 1993)). This may be proven either through direct or circumstantial evidence. Wexler v. White's Fine Furniture, 317 F.3d 564, 570 (6th Cir. 2003). When only circumstantial evidence is offered by a plaintiff, the claim is analyzed using the framework set forth in McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802 (1973).

> This framework first requires an employee to establish a prima facie case of age discrimination. If the employee meets this burden, the employer may respond by offering a legitimate, nondiscriminatory reason for the adverse employment action at issue. Assuming that such a response is made, the employee then bears the burden of rebutting this proffered reason by proving that it was a pretext designed to mask age discrimination.

Wexler, 317 F.3d at 570 (citations omitted) (citing Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344.350 (6th Cir. 1998)). To establish a prima facie case of age discrimination, a plaintiff must show (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an interference of discrimination." Blizzard v. Marion Tech College, 689 F.2d 275, 283 (6th Cir. 2012) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)).

In his Complaint, Plaintiff alleges that he was over 40 years old, qualified for his job, and subjected to an adverse employment action when he was terminated. (Compl. ¶¶ 46, 47 & 49.) In addition, Plaintiff points to age-based comments made by his supervisor as circumstantial evidence of discrimination. In mid-August 2016, Plaintiff believes Barnett told one co-worker Plaintiff quit because he was "getting too old." (Compl. ¶ 51.) Around that same time, Barnett allegedly told another co-worker that Plaintiff was "old and fell apart." (Id. ¶ 52.) From these alleged facts, the Court finds that the Complaint adequately pleads a plausible claim of age discrimination. Thus, Defendant's Rule 12(b)(6) motion to dismiss this claim is denied. To the extent Defendants base their motion on Rule 56 as to this claim, it is denied since Defendants have failed at this juncture to show there are no genuine issues of fact in existence.

### D. Tortious Inference with a Contract (Count IV)

Plaintiff next contends that Defendants are liable for tortious interference with a contract that existed between Plaintiff and the company that provided him unemployment insurance, Aflac, Inc. ("Aflac"). In Kentucky, a claim for intentional interference by a third person with a contractual relationship is: (1) an existing contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) an intentional unjustified inducement to breach the contract; (4) a subsequent breach by third party; (5) resulting damage to the plaintiff. Watkins v. Hill's Pet Nutrition, Inc., 63 Fed. Appx. 185, 187 (6th Cir. 2003) (citing Walt Peabody Adver. Service, Inc. v. Pecora, 393 F. Supp. 328, 331 (W.D. Ky. 1974)).

Defendants concede that there was a contractual relationship between Plaintiff and Aflac that provided the Plaintiff with unemployment benefits. (Airport Mot. to Dismiss at 25.) Defendants further acknowledge that they were aware of this contract because Plaintiff's Aflac premiums were paid with deductions from the Airport payroll. (Id. at 25−26.) Yet the Complaint

9

fails to provide facts for the third and fourth elements of a tortious interference claim. There is no allegation that Defendants did anything to induce or cause Aflac to breach its contract. In fact, there are no allegations that Aflac breached the contract with Plaintiff at all. Rather, the Complaint acknowledges that Plaintiff's employment termination "resulted in Plaintiff's Aflac coverage lapsing." (Compl. ¶ 62.) Because Plaintiff has failed to plead facts necessary to show a plausible claim for relief, the Court grants the Defendants' Rule 12(b)(6) motion as to Count IV.

### E. Hostile Work Environment (Count V)

Plaintiff next claims that he was subjected to age-based harassment which created a hostile work environment. Under the KCRA, hostile work environment claims for age discrimination are "analyzed in the same manner" as claims under the Age Discrimination Employment Act.[2] Allen v. Highlands Hosp. Corp., 545 F.3d 387, 401 (6th Cir. 2008). To establish a prima facie case for a hostile work environment based on age, a plaintiff must prove: (1) he was at least 40 years old; (2) he was subjected to harassment based on age; (3) the harassment unreasonably interfered with the employee's work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there is a basis for employer liability. Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834−35 (6th Cir. 1996). "Whether an environment is hostile or abusive is determined by looking at all of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Hale v. ABF Freight Sys., 503 Fed. Appx. 323, 337 (6th Cir. 2012) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).

---

[2] The Court will presume this claim was brought under the KCRA, as opposed to the federal Age Discrimination Employment Act (ADEA) as the ADEA requires that administrative remedies be exhausted before bringing a claim in federal court. 29 U.S.C. §§ 621, *et seq*.

In his Complaint, Plaintiff alleges that his supervisor, Rob Barnett, "conducted himself in such a manner as to alter the conditions of Plaintiff's employment and create an abusive working environment." (Comp. ¶ 71.) Specifically, Plaintiff alleges in his hostile work environment claim that Barnett treated him differently than other employees because "Plaintiff was prohibited from attending Defendant Bowling Green-Warren County Regional Airport Board Meetings." (Id. ¶ 72.) In other sections of his Complaint, Plaintiff reports that Barnett made two comments about his age while Plaintiff was still working at the Airport. (Id. at 51−52.)

Yet, these allegations fail to support a hostile work environment claim. First, Plaintiff alleges no facts to suggest that his exclusion from Airport board meetings was in any way related to his age. And as for Barnett's two age-related comments, these allegations are not of the severity required for a hostile work environment claim. See Crawford, 96 F.3d at 834 ("In any event, even apart from the fact that only two comments were actually discernibly age-based, there is simply no question that the hostility at [the plaintiff], while not insubstantial, was not particularly severe or degrading.") Rather, these are examples of a "mere offensive utterance" which are considered part of the "ordinary tribulations of the workplace." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Because Plaintiff's Complaint fails to plead facts sufficient to support a hostile work environment claim, Defendants motion to dismiss pursuant to Rule 12(b)(6) is granted.

**F. Defendant Robert Barnett**

Further, the Court finds that Defendant Robert Barnett cannot be held liable for any of the remaining claims because of his status as an individual supervisor. Three claims remain: FMLA interference, age and disability discrimination under the KCRA. First, Barnett has no liability as an individual under the FMLA because "the FMLA's individual liability provision does not

extend to public agencies." Mitchell v. Chapman, 343 F.3d 811, 832 (6th Cir. 2003). In addition, it is a general rule that "no individual liability lies for employees or supervisors under the KCRA and similar schemes." Fugate v. Babcock & Wilcox Conversion Servs. LLC, No. 5:14-CV-00172, 2015 WL 1758063, at * 5 (W.D. Ky. Apr. 17, 2015); Wathen v. GE, 155 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). Because there is no individual liability for a supervisor under FMLA or the KCRA, Barnett's motion to dismiss these claims against him is granted.

### G. Defendant Warren County

Defendant Warren County is immune from this suit. The Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662−63 (1974). In Kentucky, counties are an arm of the commonwealth, entitling counties to the same protective cloak of sovereign immunity. Hempel v. Lexington-Fayette Urban Cnty. Gov't, 641 S.W.3d 51, 53 (Ky. Ct. App. 2004). Because Defendant Warren County has not waived sovereign immunity, it is entitled to dismissal of all the claim asserted against it.

### H. Defendant City of Bowling Green

Lastly, Defendant City of Bowling Green claims it is entitled to immunity from this lawsuit on the basis of the Claims against Local Government Act. (City Mot. to Dismiss [DN 23] at 5.) According to this state law, local governments cannot be held liable for any exercise of judicial or legislative authority. Ky. Rev. Stat. § 65.2003(3). The City claims that this statute renders it immune from liability, stating that any "funding allocation made by the City to the

Airport Board which Plaintiff attempts to use to establish the single employer notion described in the amended complaint was a legislative act." (City Mot. to Dismiss at 6.)

The "single employer" doctrine that the City references, allows two entities to be deemed "interrelated that they constitute a single employer subject to liability." <u>Swallows v. Barnes & Nobles Book Stores</u>, Inc., 128 F.3d 990, 993 (6th Cir. 1997); <u>Brock v. Marymount Med. Ctr., Inc.</u>, No. 6:06-285-DCR, 2007 WL 196895, at *8 (E.D. Ky. Jan. 23, 2007) (applying single employer doctrine to KCRA and FMLA). In making this determination, courts will often consider (1) interrelation of operations; (2) common management, directors, and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. <u>Swallows</u>, 128 F.3d at 993. For this reason, legislative funding allocations are relevant for deeming the City an integrated employer subject to liability with the Airport. However, these legislative acts are not the activities for which the City stands potentially liable in this lawsuit. If the Airport and City are deemed interrelated that they constitute a single employer, the City will face liability for any successful claims of those remaining in this suit against the Airport (FMLA interference, age and disability discrimination). Thus, the City's motion for summary judgment on the basis of this statute is denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions of Defendants Warren County and Robert Barnett are **GRANTED** and the motions of Defendants City of Bowling Green and Bowling Green-Warren County Regional Airport Board are **GRANTED** on counts IV and V and **DENIED** on counts I, II, and III**.**

cc: counsel of record

*[signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court
November 15, 2017