UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:17-CV-00118-JHM

GREG COLTER                                                                                          PLAINTIFF

V.

BOWLING GREEN-WARREN COUNTY
REGIONAL AIRPORT BOARD, et al.,                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter, Amend, or Vacate Memorandum Opinion and Order Entered November 15, 2017 [DN 38]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Greg Coulter brought this lawsuit after he was terminated from his position at the Bowling Green-Warren County Regional Airport (the "Airport"). On June 13, 2017, Plaintiff filed this action in Warren County Circuit Court against the Airport, Robert Barnett, the City of Bowling Green and Warren County. On July 5, 2017, Defendants jointly removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Joint Notice of Removal [DN 1].) Plaintiff's Amended Complaint included five claims: Family and Medical Leave Act interference, disability discrimination, age discrimination, tortious interference with a contract, and hostile work environment. (Amend. Compl. [DN 12].) In a Memorandum Opinion and Order dated November 15, 2017 [DN 34], this Court dismissed Plaintiff's claims of tortious interference with a contract and hostile work environment, as well as all claims against Warren County and Robert Barnett. Plaintiff now brings this motion, asking

the Court to reconsider his claims for tortious interference with a contract (which would make a plausible claim against Robert Barnett) and hostile work environment.

## II. STANDARD OF REVIEW

The Sixth Circuit recognizes that a district court has authority both under common law and under Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).[1] "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)); see also *United States v. Lexington-Fayette Urban County Gov't*, No. 06-386-KSF, 2008 U.S. Dist. LEXIS 77478, at *3, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); *Edmonds v. Rees*, No. 3:06-CV-P301-H, 2008 U.S. Dist. LEXIS 61839, at *7, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008). A motion to reconsider under Rule 54(b) may not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." *Owensboro Grain Co., LLC v. AUI Contr., LLC*, No. CIV.A. 4:08CV-94-JHM, 2009 U.S. Dist. LEXIS 18025, at *6, 2009 WL 650456, at *2 (W.D. Ky. Mar. 10, 2009) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008)). "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v.*

---

[1] Although Plaintiff moves to alter, amend, or vacate under Rule 59(e), "Rule 59(e) does not provide an appropriate means to challenge a non-final order." *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 U.S. Dist. LEXIS 101659, *2 (W.D. Ky. Aug. 3, 2015) (citing *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015)). As there has been no final order or judgment in this case, see *Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order), the relief Plaintiff seeks is only available under Rule 54(b), see *Edmonds v. Rees*, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments"); Fed. R. Civ. P. 54(b).

*Brunne*r, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

### III. DISCUSSION

Applying the above standard to this motion, the Court denies Plaintiff's Motion to Alter, Amend, or Vacate. The arguments raised in Plaintiff's motion were previously advanced by Plaintiff in his Response and Objection to Defendant Airport Board's Motion to Dismiss [DN 26]. Neither the law nor the facts as set forth by the Plaintiff have changed since the Court previously ruled on these matters. Further, Plaintiff has not met his burden of proving that the Court committed a clear error in its earlier decision. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *Gray v. Commissioner of Social Sec.*, 2006 U.S. Dist. LEXIS 98264, 2006 WL 3825066, *2 (E.D. Mich. December 13, 2006) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiff may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter, Amend, or Vacate Memorandum Opinion and Order Entered November 15, 2017 is **DENIED**.

*[Signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

February 6, 2018

3