# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:17-CV-00118-JHM**

**GREG COLTER**                                                                                  **PLAINTIFF**

**V.**

**BOWLING GREEN-WARREN COUNTY**
**REGIONAL AIRPORT BOARD, et al.,**                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 59 and Motion to Remand Age Discrimination Claim to State Court [DN 84]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Greg Colter brought this action following his termination from the Bowling Green-Warren County Regional Airport (the "Airport"). On August 1, 2017, Colter filed this action in Warren County Circuit Court against the Airport Board; his former supervisor, Robert Barnett; the City of Bowling Green (the "City"); and Warren County. Defendants jointly removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Complaint includes five claims: Family and Medical Leave Act ("FMLA") interference, disability discrimination, age discrimination, tortious interference with a contract, and hostile work environment.

Previously, in a Memorandum Opinion and Order dated November 15, 2017 [DN 34], the Court dismissed Barnett and Warren County as defendants, as well as Colter's claims of tortious interference with a contract and hostile work environment. Colter asked the Court to reconsider

that decision in a Motion to Alter, Amend, or Vacate [DN 38] which this Court denied in a Memorandum Opinion and Order dated February 7, 2018 [DN 46]. The remaining Defendants—the Airport Board and the City—filed motions for summary judgment [DNs 76 & 77] on the remaining claims of FMLA interference, disability discrimination, and age discrimination. The Court granted the motions for summary judgment in a Memorandum Opinion and Order dated April 3, 2019 [DN 82] and entered Judgment [DN 83] in favor of the Defendants the following day. Once again, Colter asks the Court to reconsider its decision and amend the Judgment dismissing his case.

## II. STANDARD OF REVIEW

Motions to alter or amend a judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see *GenCrop, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted); *see also Elec. Ins. Co. v. Freudenberg-Nok, Gen P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19. 2007).

## III. DISCUSSION

In arguing that the Court's decision should be reconsidered, Colter suggests that the Court committed a clear error of law when it determined that his claim of age discrimination failed as a matter of law. Within the record, the only direct evidence of age discrimination against Colter are alleged statements made by his supervisor, Rob Barnett. This evidence is offered through the deposition testimony of Colter, who stated that he heard about Barnett's comments from his coworkers. Defendants sought summary judgment on this claim, arguing that evidence of Barnett's statements was inadmissible hearsay. The Court granted the requested summary judgment to Defendants because it found that "there is no evidence currently before the Court that could overcome [a] double hearsay issue to be admissible at trial." (Mem. Op. and Order [DN 82] at 7). Now, Colter asks for reconsideration, arguing that the Court was incorrect in determining that Barnett's statements were hearsay. It is Colter's contention that the statements in question are not hearsay because they are not offered for the truth of the matter asserted.

"Hearsay" means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). In this case, there are two different sets of statements that are potentially hearsay. The first set of statements are those that Rob Barnett spoke to third parties about Colter. Allegedly, Barnett said: (1) to Caleb Durham, that Colter was old and fell apart, (2) to Melissa Minton, that he was looking for someone in their thirties to replace Colter, and (3) to Joe Lundenberg, that Colter got to the age where he could no longer perform his job. Colter is correct that this first set of statements may not be hearsay as these statements are not being offered to prove the truth of the matter asserted. In this case, Colter seeks to use these statements as evidence of Barnett's age-related animus against Colter. He is not attempting to prove the truth of

what Barnett said in these comments. Rather, Colter is correct that "[t]he significance lies entirely in the fact that the words were spoken," and therefore, this set of statements is not hearsay.

However, the inquiry does not end there because there is another potentially problematic set of statements: those made by Durham, Minton, and Lundenburg to Colter where they informed Colter of Barnett's age-related comments. Within his deposition, Colter attempts to offer the substance of these conversations as evidence. For example, Colter testified that Durham told him about a conversation with Barnett in which Barnett said Colter "got old and fell apart." (Colter Dep. [DN 73] at 160−61). If Durham were a witness in this case, he could offer the statement deemed not hearsay in the previous paragraph—that Barnett said Colter got old and fell apart. However, because Durham is not a witness in this case, Colter seeks to offer the evidence in his absence. This is where the statement that was originally not hearsay becomes double hearsay and therefore, impermissible. Colter wants to testify about what Durham told him in order to prove the truth of the matter within the statement—that Barnett made discriminatory age-related comments. Thus, this statement and all others offered by Colter in the absence of those that heard Barnett's statements cannot overcome this second hearsay hurdle and should be excluded.

Colter also attempts to reargue his claim of age discrimination through indirect evidence. Previously, the Court determined that even if Colter were able to make a prima facie case of age discrimination through circumstantial evidence, Defendants had met their burden of offering a nondiscriminatory reason for firing Colter and Colter failed to offer proof that Defendants' reason was pretext for discrimination. Now, for the first time, Colter offers evidence of Defendants' pretext by showing that comparable requests for medical leave were granted while his request was denied. Unfortunately for Colter, a motion for reconsider is not intended to be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted

4

before. For these reasons, and in the absence of any arguments of new evidence, change in controlling law, or manifest injustice, the Court will deny Colter's motion to reconsider on this basis.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 59 and Motion to Remand Age Discrimination Claim to State Court is **DENIED**.

*Joseph H. McKinley Jr., Senior Judge*
*United States District Court*

cc: counsel of record

June 24, 2019